# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAVID GREIN,

                Plaintiff,             CASE NO. 20-11086
                                    HON. DENISE PAGE HOOD

v.

AMIL KAJY, *et al.*,

                Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS [#11] AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#12]

### I.      BACKGROUND
#### A. Procedural Background

On March 26, 2020, *pro se* Plaintiff David Grein ("Grein") filed a

Complaint against Defendants Amil Kajy ("Kajy") and Metro Police Authority of

Genesee County ("Metro Police"). Grein first filed suit in Michigan's 7th Circuit

Court of Genesee County, but refiled in federal court after his state action was

dismissed without prejudice. [ECF No. 1] The Complaint alleges retaliation, in

violation of 18 U.S.C. § 1513 (Count I), an infringement of "Handicap law," in

violation of the Americans with Disabilities Act ("ADA") (Count II), an

infringement of civil rights, in violation of 18 U.S. Code 242 title 18 U.S. color

law  (Count III), a quiet enjoyment claim (Count IV), and a civil rights violation of 42 U.S.C. § 1983 (Count V). [*Id.*]

Defendant Kajy filed a Motion to Dismiss [ECF No. 11] on August 24, 2020. Defendant Metro Police filed its Motion to Dismiss on September 1, 2020. [ECF No. 12] Grein filed Responses on September 1, 2020, [ECF No. 13] and on September 15, 2020. [ECF No. 15] Defendant Metro Police filed a Reply on September 29, 2020. [ECF No. 17] The Court heard oral arguments on November 12, 2020. Following oral arguments, Grein filed an Amended Complaint[1] on November 23, 2020. [ECF No. 20]

### B.  Factual Background

The facts according to Plaintiff's Complaint are as follows.[2] The events that led to the current matter occurred at Kajy's commercial property located in Mundy Township, Michigan. [ECF No. 12, Pg.ID 93] As the President of Kaju Hill Inc., Kajy owns a multi-function property, which contains a Marathon gas station and convenience store, a Tim Horton's, and a sports bar ("the Property"). [*Id.*]  Plaintiff has been a frequent customer of Kajy's businesses since 2015. [ECF No. 12-3,

---

[1] Plaintiff filed his Amended Complaint without filing a Motion for Leave. Given the Motion's untimeliness, the Court will not consider it and will strike it from the record.
[2] Plaintiff's Complaint did not include a coherent picture of the facts. Consequently, the Court supplements Plaintiff's factual scenario with facts provided by Defendants. Any conflicts between the two versions will be construed in favor of Plaintiff.

Pg.ID 142] (Plaintiff Deposition). Plaintiff often visited an employee, Catherine Bouchard ("Bouchard"), whom he had befriended. [*Id.*]

On May 5, 2016, Kajy drove into the parking lot of his stores and "laid on his horn." [*Id.* at 143] When Kajy exited his vehicle, Grein exclaimed, "you could give an old man a heart attack by doing that." [*Id.*] Kajy then became agitated and threateningly pointed his finger towards Grein and stated, "nobody disrespects me." [*Id.*] Following that interaction Bouchard texted Grein to inform him that he was no longer welcome at the Property and that the police would be called if he returned. [*Id.*]

Notwithstanding Bouchard's text, Grein returned to the properties later that day. [*Id.*] Kajy asked Grein to leave. [*Id.* at 144] When Grein did not comply with Kajy's request, Kajy called the police. [*Id.*] The responding officer told Grein that he was "harassing Kajy." [*Id.*] The officer also revealed that Grein had called 911 to report Kajy parking in a handicapped parking spot. [*Id.*] Grein acknowledged that he understood that a return to the Property would be considered trespassing and that if he returned, he could be arrested. [*Id.*]

On May 26, 2016, Grein returned to the Property. [*Id.* at 145] On this occasion, Kajy asked Grein to leave after informing him that he was not welcome on the Property. [*Id.*] After Grein did not leave, Kajy called Metro Police. [*Id.*] Metro Police officers told Grein that he could either leave or be arrested. [*Id.*] In

March 2017 and on various other occasions, Grein visited the Property without incident. [*Id.* at 146]

On April 1, 2017, Grein returned to the Property. In this instance, Kajy once again advised that he would call the police unless Grein left. [ECF No. 12, Pg.ID 97] After Grein refused to comply, Metro Police Officer Lutz ("Lutz") arrived at the Property to deal with someone "making threats to assault the caller [Kajy]." [*Id.*] After some brief introductory remarks, Lutz informed Grein that since Kajy owned the entire property, regardless of who leased it, Kajy had the right to restrict Grein's access to the Property. [*Id.* at 98] When Grein refused to leave, Lutz arrested him. [*Id.*] Grein alleges that he suffered a black eye and fractured tooth during his arrest. [*Id.* at 147-48]

Grein was then transported to the Genesee County Jail, where he was detained for approximately 48 hours for resisting arrest and trespassing. [ECF No. 12, Pg.ID 99] Both charges were ultimately dismissed without prejudice and Grein was instructed not to return to the Property. [*Id.*]

Following Grein's arrest, he sent a letter to Metro Police. [*Id.* at 100] In his letter, he expressed concern that Kajy was allegedly parking in a handicap parking spot at the Property. [*Id.*] Grein then filed a Complaint in Michigan State court, which alleged false reporting to police, interfering with quiet enjoyment, criminal attorney fees, defamation of character and tort actions of false imprisonment,

4

neglect and false arrest. [*Id.*] Grein's state court Complaint was dismissed without Prejudice on May 6, 2019. [*Id.*]

## II.    LEGAL ANALYSIS
### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986).  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (*quoting Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice."  *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see*

*LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

In cases that involve *pro se* parties, the court must "liberally construe" *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). And *pro se* complaints must be held to a "less stringent standard[] than formal pleadings drafted by lawyers" even if "inartfully pleaded." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). *Pro se* complaints can only be dismissed if it appears beyond a doubt that the plaintiff is unable to prove a set of facts in support of their claims which would entitle them to relief. *Id.*

**B. Motion for Summary Judgment**

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986).  A fact is material if it could affect the outcome of the case based on the governing substantive law.  *Id.* at 248.  A dispute about a material fact is genuine if, on review of the evidence, a reasonable jury could find in favor of the nonmoving party.  *Id.*

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial."  *Id.* at 324.  The Court may grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case.  *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252. "Conclusory allegations do not create a genuine issue of material fact which

precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### C. Legal Arguments

#### 1. *Defendant Metro Police Governmental Immunity*

Metro Police argues that Grein's claims must fail because its officers are immune under Michigan's governmental immunity statute. In response, Grein contends that the officers blatantly disregarded his rights and acted with gross

negligence when they forcefully removed Grein from Tim Horton's on May 26, 2016. Grein also alleges a false arrest on April 1, 2017.

Michigan's governmental immunity law provides that "all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function." MCL § 691.1407(1). Unless the contested activity is proprietary, governmental agencies engaged in mandated or authorized activities are immune from tort liability. *See Coleman v. Kootsillas*, 456 Mich. 615, 620; 575 N.W.2d 527 (1998). Michigan's governmental immunity statute protects both the state and its political subdivisions. MCL § 691.1401(d); *see also Mack v. City of Detroit*, 467 Mich. 186, 204; 649 N.W.2d 47, 57 (2002).

Here, Metro Police qualifies as a political subdivision under MCL § 691.1401(b), and is considered a "governmental agency" for purposes of governmental immunity. MCL § 691.1401(d). The statute provides that a "governmental function" is an activity that is expressly or implicitly authorized or mandated by constitution, statute, local charter or ordinance, or other law or regulation. MCL § 691.1401(f). In Michigan "[i]t is well established . . . that the management, operation, and control of a police department is a governmental function." *See Mack*, 649 N.W.2d at 57.

Although there are six statutory exceptions[3] to Michigan's broad governmental immunity law, the exceptions must be narrowly construed. *See Nawrocki v. Macomb C. Rd. Com'n*, 463 Mich. 143, 156; 615 N.W.2d 702 (2000). The party suing the government bears the burden "to plead his or her claim in avoidance of governmental immunity." *Hannay v. Dep't of Trans*, 497 Mich. 45, 58; 860 N.W.2d 67 (2014).

Although Officer Lutz is not a party defendant, Metro Police further argues that Officer Lutz's actions are the only acts that could potentially create liability. Metro Police argues that Lutz's actions were discretionary, taken in the scope of his employment, and not malicious. Metro Police asserts that the facts as applied to Lutz still warrant government immunity as defined in *Odom v. Wayne Co.*, 482 Mich. 459; 760 N.W.2d 217 (2008). In *Odom*, the Michigan Supreme Court extended governmental immunity to lower level employees for intentional torts that were (1) discretionary acts taken within the scope of employment and (2) not performed with malicious intent. *Id.* Police officers act with discretion when they respond to citizen complaints, safely defuse situations, and determine when and how to lawfully arrest noncompliant individuals. *See Norris v. Lincoln Park Police Officers*, 292 Mich. App. 574, 579; 808 N.W.2d 578 (2011). Officers only act with

---

[3] The six exceptions for governmental immunity in Michigan are: (1) the highway exception, (2) the motor vehicle exception, (3) the public building exception, (4) the governmental hospital exception, (5) the proprietary function exception, and (6) the sewage system exception. *See* 18 Mich. Civ. Jur. Municipal Corporations § 353.

malicious intent when they have "utilized wanton or malicious conduct or demonstrated a reckless indifference to the common dictates of humanity." *Dickey v. Fluhart*, 146 Mich. App. 268, 276; 380 N.W.2d 76 (1985).

Here, Grein's Complaint omits any facts that would indicate that Metro Police's actions fell within any of the enumerate statutory exceptions for governmental immunity. On its face, Grein's Complaint establishes that Metro Police was acting as a governmental agency. The Complaint alleges that Metro Police was a police department, which Mack explicitly notes is a government function. The Court finds that on the days in question, Metro Police was completing a governmental function, in its capacity as a governmental agency. There is also no evidence to establish that Lutz did not act with good faith when he interacted with and arrested Grein. Consequently, Metro Police has governmental immunity under Michigan law and the Court **GRANTS** Metro Police's Motion for Summary Judgement pertaining to Grein's claims against Metro Police.

### 2. *Vicarious Liability*

Metro Police also asserts that it cannot be held vicariously liable for the actions of individual officers who are sued under 42 U.S.C. § 1983. Under *Monell v. Department of Social Services of the City of New York*, Metro Police argues that § 1983 does not allow liability against a municipal department under the *respondeat superior* theory simply because it employs a tortfeasor. 426 U.S. 658,

98 S.Ct. 2018 (1978). Metro Police argues that municipalities are only liable under § 1983 if a policy or custom causes the alleged constitutional violation. *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988) ("[G]overnments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights."). To establish a *Monell* claim, Grein must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993); *see also Foster v. Walsh*, 864 F.2d 416, 419 (6th Cir. 1988) (holding that a § 1983 plaintiff suing a the government must allege and prove the existence of a custom or policy that violates individuals rights).

There are four ways a plaintiff can establish that a municipality had a custom or policy in violation of § 1983: (1) the presence of an illegal official policy or legislative act; (2) that an official with the ability to finalize decisions ratified the illegal action; (3) the existence inadequate training or supervision policies; or (4) the existence of a pattern of tolerance or acquiesce of federal rights infringements. *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019).

Michigan maintains a three-year limitations period for § 1983 personal injury claims. MCL § 600.5805(10); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *see also Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986). However, "although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).

In the Sixth Circuit, the statute of limitations for § 1983 claims commences when the plaintiff "knew or should have known of their injury." *Ruf v. Runyon*, 258 F.3d 498 (6th Cir. 2001). This Circuit has explained that, at its latest, a § 1983 claim begins on the date that the plaintiff was released from custody. Here, that date is April 4, 2017, which is when Plaintiff was released from jail. Consequently, the statute of limitations has lapsed since Grein refiled his Complaint with this Court on May 11, 2020.

Michigan law provides the period of limitations is 2 years for an action charging malicious prosecution. MCL § 600.5805(5). As a rule, tort actions accrue "when all elements of a cause of action have occurred and can be alleged in a proper complaint." *Parisi v. Michigan Twp. Ass'n.*, 123 Mich. App. 512; 332 N.W.2d 587 (1983). Regarding malicious prosecution claims, "[t]ermination of an underlying criminal proceeding in the plaintiff's favor is a necessary element of the

civil cause of action for malicious prosecution." *Bebhardt v. O'Rourke*, 444 Mich. 535; 510 N.W.2d 900, 907 (1994).

Here, Grein was arrested on April 1, 2017. He was released from jail within 48 hours. On May 11, 2020, Grein refiled his Complaint with this Court—more than a year past the statute of limitations period.

Metro Police argues that Grein's Quiet Enjoyment claim must also fail because he lacks standing. Although Metro Police acknowledges that Quiet Enjoyment is a valid claim, it indicates that it is typically found within the scope of landlord-tenant actions. *Slatterly v. Madiol*, 257 Mich. App. 242, 258 (2003) (holding that the covenant of quiet enjoyment is only violated when the landlord interferes with, obstructs, or takes away from the tenant in a significant degree the beneficial use of the leasehold). Next, Metro Police asserts that Grein incorrectly relies on *Folgueras v. Hassle* to establish an impermissible claim. 331 F. Supp. 615 (W.D. Mich. 1971). Although Metro Police acknowledges that federal courts have recognized a right of access to some privately-owned property, the right does not extend to all privately owned property. *Id.* Since Grein did not have a right to quiet enjoyment to Kajy's property, which Tim Horton's leases, Metro Police argues that Grein's quiet enjoyment claim must fail. The Court finds that *Folgueras* does not grant everyone an unlimited right to enjoy private property and Grein's quiet enjoyment claim fails.

Accordingly, the Court **GRANTS** Defendant Metro Police's Motion to Dismiss as it pertains to Grein's Quiet Enjoyment claim.

### 3. *Plaintiff's § 1513, § 12181, and § 242 claims*

Metro Police also argues that Grein's "retaliation"(§ 1513), "handicap law" (§ 12181), and "U.S. color law" (§ 242) claims also fail because the federal laws underlying each of those claims do not allow private causes of action.

In response to the Motions to Dismiss, Grein contends that Chief Bade ("Bade") is culpable for his failure to properly investigate the May 26, 2016 incident involving Kajy because the case was dismissed by the 7th Circuit Court of Genesee County. Grein argues that Bade's actions denied Grein due process of law. Grein further asserts that the officers failed to properly interview witnesses about Kajy's accusations against Grein.

Section 1513 is meant to punish people who retaliate against witnesses or criminal informants; but it does not provide a private cause of action. *See Shahin v. Darling*, 606 F.Supp.2d 525 (U.S.D.C. Delaware 2009); *see also Wickenkamp v. Hampton*, No. 3:13-CV00152-BR, 2013 WL 360147 (U.S.D.C. Oregon, Jan. 30, 2013). Metro Police notes that the only allegation that could possibly relate to criminal activity would be Bade's refusal to bring charges against Kajy for false 911 calls. However, Metro Police then explains that, as a private citizen, Kajy was

permitted to call 911 about Grein trespassing. The fact that Grein was not prosecuted for trespassing does not erase Kajy's original right to call 911.

Grein's Complaint does not allege that anyone attempted to kill him or prevent him from assisting with a criminal investigation because of severe harassment. Accordingly, Bade and Kajy's actions do not fall into the category of behavior protected by 18 U.S.C. § 1513.

Section 242 is a federal criminal statute that makes it a crime for a person acting under color of law to willfully deprive an individual of a Constitutional or federal privilege or right. Metro Police points out that § 242 does not authorize a private civil cause of action. *See Booth v. Henson*, 290 Fed. Appx. 919, 920-921 (6th Cir. 2008) (explaining that a private citizen does not have standing to file an action under criminal statutes 18 U.S.C. § 241 and § 242); *see also Kafele v. Frank & Woolridge Co.*, 108 Fed. Appx. 307, 308-9 (6th Cir. 2004) (holding that a plaintiff's complaint failed to state a claim for relief because 18 U.S.C. § 242 granted the plaintiff no private right of action against the defendants). Accordingly, Grein has failed to allege a cognizable § 242 claim.

Metro Police contends that § 12181 also does not provide a private right of action. Title III of the ADA is an enforcement provision and "does not provide for monetary damages or, concomitantly, a jury trial, when the action is brought by a 'person who is being subjected to discrimination.'" *Dorsey v. City of Detroit*, 157

F. Supp. 2d 729, 733 (E.D. Mich. 2001) (quoting 42 U.S.C. § 12188(a)(2)); *see also Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1120 (9th Cir.2000) ("Monetary relief is not an option for private individuals under Title III of the ADA. As a result, a plaintiff who files an ADA claim can at most hope to improve access through an injunction."). Metro Police asserts that, at best, Grein can expect to improve access to a private facility through an injunction. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999) (noting that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money damages).

Here, Grein's Complaint generally alleges that § 12181 has been violated. However, Grein provides no factual basis or recognized legal theory establishing that § 12181 has been violated. Grein's general assertions do not concern increasing access for himself nor do the allegations allege that Metro Police discriminated against Grein based on a handicap that he has. *See, e.g.*, *Dorsey v. City of Detroit*, 157 F.Supp.2d 729 (2001) (opining that a golfer could bring a suit against a public golf course for denial of benefits of the activity, but was barred from bringing a claim against a private golf course for the personal experience of being denied access, humiliation, or emotional distress damages). By asking Metro Police to enforce handicap law against Kajy, Grein mistakenly interprets § 12181. Grein also fails to allege that he suffered from a disability that prevented him from

17

enjoying the property. Rather, Grein alleges that he experienced personal contention with the Property owner. The facts provided by Grein do not constitute behavior that § 12181 was meant to enforce. Grein has failed to state a cognizable claim under § 12181.

Metro Police acknowledges that *pro se* litigants are afforded liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But Metro Police contends that even *pro se* litigants must brief arguments to preserve them. *See Mapes v. Bishop*, 541 F.3d 582 (2008); *see also Bachor v. City of Detroit*, 49 Mich. App. 507, 513 (1973) (explaining that appearance in *pro per* does not excuse the application of court rules).

The Court **GRANTS** Defendant Metro Police's Motion to Dismiss as it pertains to Grein's "retaliation" (§ 1513), "handicap law" (§ 12181), and "U.S. color law" (§ 242) claims.

### 4. *Allegations against Defendant Kajy*

Defendant Kajy argues that none of the authorities that Grein relies on state a legally cognizable claim against Kajy. Similar to Metro Police, Kajy argues that Grein's quiet enjoyment claim has no legal basis. As the Court noted in the section addressing Metro Police's quiet enjoyment arguments, *Folgueras* is not applicable to the instant matter. Based on the case law provided by Kajy, the Court can find

no legal relationship between Grein and Kajy that would grant Grein a private action for quiet enjoyment.

Kajy asserts that Grein's "retaliation" (§ 1513), "handicap law" (§ 12181), and "U.S. color law" (§ 242) claims also fail because the federal laws underlying each of those claims do not allow private causes of action. Kajy argues that Grein's claims should be dismissed because they do not provide a "private right of action." *See Black v. Mt. Pleasant Tennessee Police Dep't, Civ.* No. 1- 14-00087, 2015 WL 4459158 at *9 (M.D. Tenn. July 20, 2015) (explaining that § 1513 does not grant a private right of action); *see also Booth*, 290 Fed. Appx. at 920-921 (explaining that there is no private cause of action for § 242); *see also Dorsey*, 157 F. Supp. 2d. at 733(same, pertaining to § 12181).

The Court finds Kajy's arguments persuasive. As the Court noted earlier, the laws that Grein relies on do not grant private causes of actions that would establish Grein's claims. The Court **GRANTS** Defendant Kajy's Motion to Dismiss as it pertains to Grein's "retaliation" (§ 1513), "handicap law" (§ 12181), and "U.S. color law" (§ 242) claims.

### III.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Defendant Amil Kajy's Motion to Dismiss [ECF No. 11] is **GRANTED**.

IT IS FURTHER ORDERED that Defendant Metro Police Authority's Motion for Summary Judgment [ECF No. 12] is **GRANTED**.

IT IS ORDERED.

<u>s/Denise Page Hood</u>
DENISE PAGE HOOD
DATED: December 3, 2020        United States District Judge